# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MICHAUD,<br><br>                Plaintiff,<br><br>vs.<br><br>DR. ROBERT BANNISTER, et al.,<br><br>                Defendants. | Case No. 2:08-cv-01371-RCJ-PAL<br><br>**ORDER AND SCHEDULING ORDER**<br><br>(Mtn for DPSO - Dkt. #35)<br>(Mtn to Appoint Counsel - Dkt. #37)<br>(Mtn to Enlarge - Dkt. #38) |

This matter is before the court on Plaintiff's Motion for a Proposed Discovery Plan and Scheduling Order (Dkt #35), Plaintiff's Motion for Appointment of Counsel (Dkt. #37), and Defendants' Motion for Enlargement of Time. The court has considered the Motions and Defendants' Response to Plaintiff's Motion for Appointment of Counsel (Dkt. #39).

## BACKGROUND

Plaintiff is proceeding *pro se* and *in forma pauperis.* On December 2, 2008, the court entered an Order (Dkt. #4) granting Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1), and directed Plaintiff to pay the initial filing fee. Upon Plaintiff's payment (Dkt. #5), the court entered an Order (Dkt. #6) screening the Complaint and directing service of process. The Attorney General's Office accepted service on behalf of Defendants Bannister and Williams. *See* Acceptance of Service (Dkt. #6). It does not appear Defendant Utilization Review Committee was ever served, and the time for service under Federal Rule of Procedure 4(m) has now run.

Defendants Bannister and Williams filed a Motion to Dismiss (Dkt. #11). On September 18, 2009, the district judge granted the Motion to Dismiss on the grounds that Plaintiff's claims are barred by the applicable statute of limitations. *See* Order (Dkt. #16). The Clerk of Court entered judgment in favor of Defendants and against Plaintiff. *See* Clerk's Judgment (Dkt. #17). Plaintiff filed a Notice of

Appeal (Dkt. #18) on October 5, 2009.  The Ninth Circuit affirmed in part and reversed in part, remanding the case for further proceedings solely on Plaintiff's claims for damages stemming from his access to medical care in 2007 and 2008.  *See* Opinion of USCA (Dkt. #23).  The Circuit issued its Mandate (Dkt. #24) on January 26, 2011, and on October 19, 2011, it was spread on the record. *See* Order (Dkt. #42).   The district judge approved the parties' stipulation to stay until October 21, 2011, so that the parties could engage in settlement negotiations.  *See* Order (Dkt. #44).  The stay has expired, no request has been made to extend the stay, and the parties have not notified the court that the case has been settled.

## DISCUSSION

### I.    Motion for Appointment of Counsel (Dkt. #37).

Plaintiff seeks an order pursuant to 18 U.S.C. § 3006A appointing counsel to him in this matter because of the complex nature of this case, his limited education, his inability to afford counsel, and because he cannot adequately present his case to the court.  In opposition, Defendants Bannister and Williams assert there are no exceptional circumstances present in this case to warrant the appointment of counsel, Plaintiff is able to present his claims to the court, and this is not a complex case.

In civil cases, the court may only appoint counsel to litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1).  That statute does not authorize courts to require counsel to represent such litigants but only to request such representation on a *pro bono* basis.  *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304-05 (1989).  The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam).  Appointment of counsel is not a matter of right.  *See Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).  In making its determination, the court will consider the likelihood of the success of the party's claims on the merits, and the ability of the party to articulate claims *pro se* in light of the complexity of the legal issues involved.  *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  It is therefore the plaintiff's duty in a motion based upon 28 U.S.C. § 1915 to demonstrate to the court that he cannot afford to obtain private counsel, that he is likely to succeed on the merits of his claim, and that the legal issues involved are too complex to be presented adequately without the assistance of counsel.

Here, although Plaintiff is proceeding *in forma pauperis* and cannot afford to retain counsel, he has not shown that exceptional circumstances exist to justify the appointment of counsel. Plaintiff has also been able to adequately present his claims to the court, which is evidenced by his successful appeal of this matter to the Ninth Circuit Court of Appeals. Additionally, this is not such a complex matter that counsel must be appointed. There is only one remaining claim for deliberate indifference pending against the Defendants.

## II. Plaintiff's Motion for a Proposed Discovery Plan and Scheduling Order (Dkt. #35) and Motion for Enlargement of Time (Dkt. #38).

Although Plaintiff's motion is captioned as a request for a discovery plan and scheduling order, it actually contains a list of discovery requests and asks the court to allow Plaintiff 120 days to secure these documents. Plaintiff's proposed discovery plan and scheduling order does not include any of the proposed dates required by Local Rule 16. Defendants' motion requests an extension of time in which to file its own proposed discovery plan and scheduling order because new counsel in the Attorney General's Office has been assigned to this case. Additionally, Defendants note that this case is excepted from the requirements of Local Rule 16-1 and Federal Rule of Civil Procedure 26 to file a joint discovery plan and scheduling order because Plaintiff is a *pro se* prisoner.

The court will enter its standard scheduling order for *pro se* prisoner cases, and the following dates shall apply in this case:

1. Any discovery motions shall be filed and served no later than **January 23, 2012.**
2. Motions for summary judgment shall comply with the requirements of LR 56-1 and shall be filed and served no later than **February 22, 2012.**
3. Any motion filed beyond the time limit fixed by this Scheduling Order shall be stricken, unless the Court grants an exception for good cause shown.
4. **DISCOVERY:** Pursuant to LR 16-1(b), discovery in this action shall be completed on or before **February 4, 2012.**
5. **EXTENSIONS OF DISCOVERY:** Pursuant to LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court at least **January 16,**

**2012,** or at least **twenty days** prior to this expiration of any extension thereof that may have been approved by the Court. The motion or stipulation shall include:

    (a)    A statement specifying the discovery completed by the parties of the date of the motion or stipulation;

    (b)    A specific description of the discovery which remains to be completed;

    (c)    The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

    (d)    A proposed schedule for the completion of all remaining discovery.

6. In the event that the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, said shorter time limits shall apply notwithstanding the time limits set forth in this Scheduling Order. Pursuant to the authority given to the Court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than the time provided in paragraph 4 of this Order.

7. **PRETRIAL:** Pursuant to LR 16-3(a), the Clerk shall issue a Pretrial Notice Order on February 27, 2012, or after all motions for summary judgment are denied, whichever is later.

8. Any party who desires an amendment to this Scheduling Order shall, on or before **January 4, 2012,** file and serve a statement of proposed amendments and the reasons therefor. Each other party shall have until **January 22, 2012,** within which to file and serve a response thereto. After January 4, 2012, any amendment of this Scheduling Order shall be granted only upon motion and good cause shown.

9. In all cases where a party or counsel is required to effect service hereunder, a certificate of such service shall be filed forthwith with the Clerk of the Court.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (Dkt. #35) is DENIED.

///

1 | 2. Plaintiff's Motion for Proposed Discovery Plan and Scheduling Order (Dkt. #37) is DENIED AS MOOT.

3. Defendants' Motion for Extension (Dkt. #38) is DENIED AS MOOT.

4. The scheduling deadlines established in this Order shall apply.

Dated this 4th day of November, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE