**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN MICHAUD,<br><br>              Plaintiff,<br><br>vs.<br><br>ROBERT BANNISTER, et al.,<br><br>              Defendants. | Case No. 2:08-cv-01371-RCJ-PAL<br><br>**ORDER**<br><br>(Mtn for Discovery - Dkt. #64)<br>(Mtn to Appoint Counsel - Dkt. #65) |

This matter is before the court on Plaintiff John Michaud's Motion for Discovery (Dkt. #64) and Motion for an Appointment of Counsel (Dkt. #65). The court has considered the Motions and Defendants Robert Bannister's and Brian Williams' Responses (Dkt. ##66, 67).

Plaintiff is proceeding in this matter pro se and in forma pauperis. On December 2, 2008, the court entered an Order (Dkt. #4) granting Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1) and directing Plaintiff to pay the initial filing fee. Upon Plaintiff's payment (Dkt. #5), the court entered an Order (Dkt. #6) screening the Complaint and directing service of process. The Attorney General's Office accepted service on behalf of Defendants Bannister and Williams. *See* Acceptance of Service (Dkt. #6). Defendant Utilization Review Committee was never served, and the time for service under Federal Rule of Procedure 4(m) has run. *See also* Orders ##45, 63 (denying Plaintiff's request for extension of time to serve Utilization Review Committee initially and on reconsideration).

Defendants Bannister and Williams filed a Motion to Dismiss (Dkt. #11). On September 18, 2009, the district judge granted the Motion to Dismiss on the grounds that Plaintiff's claims are barred by the applicable statute of limitations. *See* Order (Dkt. #16). The Clerk of Court entered judgment in favor of Defendants and against Plaintiff. *See* Clerk's Judgment (Dkt. #17). Plaintiff filed a Notice of Appeal (Dkt. #18) on October 5, 2009. The Ninth Circuit affirmed in part and reversed in part,

remanding the case for further proceedings solely on Plaintiff's related to his access to medical care in 2007 and 2008. *See* Opinion of USCA (Dkt. #23). The Circuit issued its Mandate (Dkt. #24) on January 26, 2011, and on October 19, 2011, it was spread on the record. *See* Order (Dkt. #42). The district judge approved the parties' stipulation to stay until October 21, 2011, so that the parties could engage in settlement negotiations. *See* Order (Dkt. #44).

The stay expired, and on November 7, 2011, the court entered a Scheduling Order (Dkt. #45). That Order provides, "Any discovery motions shall be filed and served no later than January 23, 2012. . . . Any motion filed beyond the time limit fixed by this Scheduling Order shall be stricken, unless the Court grants an exception for good cause shown." *Id.* at 3:19, 22-23. Additionally, the court set a discovery deadline of February 4, 2012. *Id.* at 3:24-25.

### I.     Motion for Discovery (Dkt. #64).

Plaintiff's Motion for Discovery (Dkt. #64) seeks information, including documents and interrogatory responses, from Defendants and third parties. Defendants respond that were not served with these requests, and Plaintiff improperly filed the requests with the court instead. Defendants also contend Plaintiff did not meet and confer before filing the Motion as required by LR 26-7(b). Moreover, although Plaintiff's motion is dated January 19, 2012, it was not filed until January 24, 2012–one day after the deadline set by the Scheduling Order for filing discovery motions. Additionally, to the extent Plaintiff's Motion implicitly requests an extension of the discovery deadline, it should be denied because Plaintiff filed the Motion after the deadline for requesting an extension. He has not complied with the Scheduling Order's or Local Rules' requirements to set forth what discovery Plaintiff has completed, what discovery remains, and a proposed schedule for completing it. Plaintiff has not stated good cause to extend the motions or discovery deadlines.

To the extent filing the Motion constitutes service of the discovery requests upon Defendants, the Motion should be denied because Plaintiff has not provided sufficient time for Defendants to respond. The Motion was filed January 24, 2012, and discovery closed February 2, 2012. Defendants are entitled to thirty days to respond to requests for production of documents and interrogatories under the Federal Rules of Civil Procedure, and Plaintiff has only allowed for eight days before the close of discovery. Finally, Defendants assert Plaintiff's discovery requests are objectionable on the merits.

1    Plaintiff's Motion will be denied.  First, Plaintiff's written discovery requests should have been
2 propounded on Defendants rather than filed with the court.  *See generally* Fed.R.Civ.P. 33 and 34.
3 Plaintiff did not serve these requests upon Defendants, but he has served other interrogatories upon
4 Defendants, so it is apparent that Plaintiff has some understanding of the discovery process.  Second,
5 Local Rule 26-8 provides that written discovery shall not be filed with the court.  *Id.*  Third, Plaintiff's
6 Motion is untimely because it was filed after the deadline for filing discovery-related motions.  Fourth,
7 discovery requests must be served sufficiently in advance of the discovery cutoff to allow opposing
8 parties to respond on or before the discovery deadline.  Finally, a request for an extension filed after the
9 expiration of a deadline established by the court's scheduling order "shall not be granted unless the
10 moving party . . . demonstrates that the failure to act was the result of excusable neglect."  LR 6-1(b).
11 Plaintiff's Motion does not state good cause for an extension, let alone excusable neglect.

**II.    Motion for an Appointment of Counsel (Dkt. #65).**

Plaintiff requests the court appoint counsel to represent him pursuant to the Federal Rules of Criminal Procedure.  He asserts that he has been receiving help in this matter from another inmate. Exceptional circumstances exist because that inmate is no longer in state custody, and Plaintiff has no legal education or trial experience.

Defendants respond that the court already denied Plaintiff's request to appoint counsel on November 7, 2011.  Moreover, Plaintiff has not satisfied his burden of showing that he is likely to succeed on the merits of his claim.  Furthermore, Plaintiff's prior filings demonstrate that he can make legal arguments, and his claim that he could better assert his claims with the assistance of counsel does not establish the existence of exceptional circumstances.

In an Order (Dkt. #45) entered November 7, 2011, the court denied Plaintiff's first Motion to Appoint Counsel (Dkt. #37).  That Order set forth the standard for appointing counsel in cases brought under the in forma pauperis statute, 28 U.S.C. § 1915, and denied Plaintiff's Motion because he failed to show exceptional circumstances existed and because he could adequately present his claims to the court, as evidenced by his successful appeal to the Ninth Circuit.  The court also noted this is not such a complex case that counsel must be appointed.

/ / /

The court fully appreciates that almost every pro se plaintiff would benefit from being represented by counsel. However, the court cannot require an attorneys to accept an appointment, and there are very few attorneys available for appointment to pro se prisoner cases. Plaintiff has not met his burden of establishing exceptional circumstances exist that warrant appointment of counsel because the inmate who was helping him is no longer in state custody.

For the reasons stated,

**IT IS ORDERED:**

1. Plaintiff's Motion for Discovery (Dkt. #64) is DENIED.

2. Plaintiff's Motion for an Appointment of Counsel (Dkt. #65) is DENIED.

Dated this 30th day of July, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE