UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MICHAUD,<br><br>                        Plaintiff,<br>      v.<br>DR. ROBERT BANNISTER, et al.,<br><br>                        Defendant. | Case No. 2:08-cv-01371-MMD-PAL<br><br>ORDER<br><br>(Plf's Motion for Reimbursement – dkt. no. 100; Plf's Motion of Defs' Retaliatory Actions – dkt. no. 102) |

On September 13, 2013, the Court entered an Order granting the parties' stipulation to dismiss this case with prejudice. (Dkt. no. 99.) That stipulation was the result of a settlement reached between the parties. (Dkt. no. 97.) It stated that the parties "stipulate and agree that all proceedings in the above-captioned matter be dismissed with prejudice, with all parties to bear their own attorney's fees and costs." (Dkt. no. 99.) In his Motion for Reimbursement of Filing Fees, Plaintiff argues that he entered into a settlement agreement with Defendants but has not received reimbursement of his filing fees. (Dkt. no. 100.)

To the extent Plaintiff is arguing that his settlement agreement calls for reimbursement of his filing costs, this Court is without authority to enforce the terms of that agreement. In *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379-81 (1994), the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit. When the initial action is dismissed, federal jurisdiction terminates. *Id.* A motion to enforce the settlement agreement is a separate contract dispute requiring its

own independent basis for jurisdiction. *Id.* Therefore, "absent an express retention by a district court of jurisdiction to enforce a settlement agreement reached in a case pending before it, such 'enforcement of the settlement agreement is for the state courts, unless there is some independent basis for federal jurisdiction.'" *Camacho v. City of San Luis*, 359 F. App'x 794, 798 (9th Cir. 2009) (*quoting Kokkonen*, 511 U.S. at 381-82).

To the extent that Plaintiff is, separate and apart from the settlement, asking this Court to enter a judgment awarding costs, such a judgment is foreclosed by the parties' stipulation, which dismissed this case with prejudice and with each party bearing their own costs. (Dkt. no. 99.) The Court therefore cannot order Defendants to pay for Plaintiff's costs at this stage.

Plaintiff's Motion of Defendants Retaliatory Actions sets out new allegations of retaliatory action allegedly taken by Defendants after the parties reached their settlement agreement and this Court dismissed this case with prejudice. (Dkt. no. 102.) Although the allegations in Plaintiff's motion are troubling, this case is closed and Plaintiff may not raise new allegations at this time. Plaintiff must exhaust any relevant grievance procedures and file a separate action.

It is hereby ordered that Plaintiff's Motion for Reimbursement of Filing Fees (dkt. no. 100) is denied.

It is further ordered that Plaintiff's Motion of Defendants Retaliatory Actions (dkt. no. 102) is denied.

ENTERED THIS 15th day of January 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE